O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
IN RE DEBTOR: JOHN L.          )  Case No. ED CV 12-00201 DDP
BENNETT, JR.; SHAWN BENNETT,   )
Appellant,                     )  [US Bankruptcy Court,
                               )   RS 97-23453 MJ]
            Plaintiffs,        )
                               )  ORDER GRANTING MOTION TO DISMISS
     v.                        )  APPEAL
                               )
FILTER RECYCLING SERVICES,     )
INC., Appellee,                )
                               )
            Defendant.         )  [Dkt. No. 9]
                               )
_____  )
```

Presently before the court is Respondent Shawn Benett's Motion to Dismiss Appeal. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

In 2005, Respondent Shawn Bennett ("Shawn") filed suit against Appellants Jon Bennett ("Jon") and Filter Recycling Services, Inc.

cc: US Bankruptcy Court

cc: US Trustee's Office

("Filter") in Riverside County Superior Court.  In 2007, Filter removed the action to the Bankruptcy Court for the Central District of California.  Shawn later added several entities allegedly controlled by Jon as additional named defendants.

The parties engaged in extensive motion practice before the bankruptcy court over the next several years.  Filter, Jon, and other entities under Jon's control collectively filed ten motions, including several motions to dismiss, multiple motions for summary judgment, a motion to strike, and a motion for partial judgment on the pleadings, which was granted, in part.

In late 2009, the bankruptcy court granted Shawn's partial motion for summary judgment.  In 2010, Jon and Filter moved for reconsideration in the bankruptcy court and sought leave to appeal from both the bankruptcy court and this court.  All such motions were denied.  In the course of those efforts, Filter and Jon, who had themselves removed the case to federal court in 2007, stated that the bankruptcy court's jurisdiction arose from a 1998 agreement ("the Settlement Agreement") between the parties.

The Settlement Agreement set out a schedule by which Filter was to make certain payments.  In November, 2011, almost two years after the bankruptcy court's order granting Shawn's motion for partial summary judgment, Filter made an early final payment of amounts due under the Settlement Agreement.  Soon after, Filter moved to remand this action to state court, arguing that federal bankruptcy jurisdiction ceased upon completion of payments required by the Settlement Agreement.  Shawn opposed the motion and asked the bankruptcy court to assert supplemental jurisdiction over certain remaining state law claims.

2

The bankruptcy court opined that Jon manipulated the settlement agreement's payment schedule in a blatant attempt to forum shop. Nevertheless, after a thoughtful analysis, the bankruptcy court reluctantly remanded the case to state court as a matter of discretion, pending the completion of certain outstanding discovery matters.

Though the bankruptcy court granted Filter's motion to remand, Filter nevertheless filed a notice of appeal, apparently dissatisfied with the bankruptcy court's decision to remand as a matter of discretion.[1] Filter did not file a motion for leave to appeal. Shawn now moves to dismiss the appeal.

**II. Discussion**

Shawn moves to dismiss Filter's appeal on three grounds. First, Filter failed to seek leave to pursue an appeal of the bankruptcy court's interlocutory order. Second, Shawn argues that Filter lacks standing to appeal because the order Filter now appeals <u>granted</u> Filter's motion to remand. Indeed, the bankruptcy court denied Filter's motion for a stay pending appeal precisely because Filter has already obtained the relief sought, and therefore could not show any likelihood of success on the merits. Third, Shawn argues that this court should not grant Filter leave to appeal under 28 U.S.C. Sec. 1292(b) because the appeal will not materially advance the termination of litigation and, to the contrary, would prolong this dispute.

Filter's opposition does not address any of the points raised

---

[1] Hereinafter, "Filter" refers to both Filter and Jon, collectively.

3

1  in Shawn's Motion to Dismiss.  Instead, Filter attempts to argue
2  the merits of the appeal itself.[2]
3       Appellant Jim Arnold ("Arnold"), an officer and director of
4  Filter, filed a separate opposition.[3]  Arnold joined in Filter's
5  Motion to Remand in the bankruptcy court and, like Filter, failed
6  to seek leave to appeal the bankruptcy court's interlocutory order.
7  Arnold apparently did not become a party to the underlying dispute
8  until 2011.  Arnold argues that he, unlike Filter, can therefore
9  not be accused of forum shopping or of consenting to the bankruptcy
10 court's jurisdiction.  Further, apparently seeking to justify his
11 failure to seek leave to appeal, Arnold also argues that the
12 bankruptcy court's order was not interlocutory, citing Snodgrass v.
13 Provident Life and Accident Ins. Co., 147. F.3d 1163.
14      The court need not address this question, however, because
15 neither Arnold nor Filter has demonstrated standing to bring an
16 appeal.  "Only those persons who are directly and adversely
17 affected pecuniarily by an order of the bankruptcy court" have
18 standing to appeal that order.  Matter of Fondiller, 707 F.2d 441,
19 442 (9th Cir. 1983).  No Appellant has shown how the bankruptcy
20 court's order, which granted Appellants the relief sought by
21 remanding this matter to state court, has caused direct pecuniary
22 harm.  To the extent Arnold asserts that the bankruptcy court did
23 not grant the underlying motion to remand, the court disagrees.
24 The motion below, in which Arnold joined, sought an Order of

---

[2] The court notes that Filter's supplemental brief on the merits, ostensibly regarding recent intervening authority, suffers from the same defect.

[3] Neither Filter nor Arnold filed an opposition within the period prescribed by Local Rule 7-9.

4

Remand. Though the grounds for the court's ultimate decision differed from those asserted by Filter and Arnold, the bankruptcy court's order granted Appellants the relief they requested: remand to state court. See generally Concerned Citizens of Cohocton Valley, Inc. V. New York State Dept. of Envtl. Conservation, 127 F.3d 201, 204 (2d Cir. 1997) ("Thus, if a court grants the ultimate relief a party requested, even though on grounds other than those urged by the prevailing party, that party is generally not "aggrieved" by the judgment and may not appeal."); Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 142 (2d Cir. 2005) (quoting Concerned Citizens, 127 F.3d at 204 and citing California v. Rooney, 483 U.S. 307, 311 (1987)).

**III. Conclusion**

    For the reasons stated above, Respondent's Motion to Dismiss Appeal is GRANTED. All remaining matters are moot.


IT IS SO ORDERED.


Dated: January 7, 2014

DEAN D. PREGERSON
United States District Judge